No. 25-1853

# United States Court of Appeals for the Third Circuit

*In the matter of*

ALECTO HEALTHCARE SERVICES LLC,

*Debtor.*

THE REED JUDGMENT CREDITORS,

*Appellants*,

v.

ALECTO HEALTHCARE SERVICES LLC,

*Appellee.*

On appeal from the United States Bankruptcy Court
for the District of Delaware
Case No.: 23-10787-JKS

**DECLARATION OF MICHAEL SARRAO IN SUPPORT OF APPELLEE'S MOTION TO DISMISS APPEAL AS CONSTITUTIONALLY AND EQUITABLY MOOT**

Carl N. Kunz, III (DE Bar No. 3201)
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
**MORRIS JAMES LLP**
3205 Avenue North Blvd., Suite 100
Wilmington, Delaware 19803
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
        jwaxman@morrisjames.com
        cdonnelly@morrisjames.com

*Counsel for Appellee, Alecto Healthcare Services LLC*

17625213

I, Michael Sarrao, a member of the bar of the State of California, and Executive Vice President, General Counsel, and Corporate Secretary of Alecto Healthcare Services LLC ("Appellee"), the reorganized debtor and appellee in the above referenced appeal (the "Appeal"), pursuant to 28 U.S.C. §1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am duly authorized to make this declaration (the "Declaration") on behalf of the Appellee and in support of Appellee's Motion to Dismiss Appeal as Constitutionally and Equitably Moot.

2. Except as otherwise indicated, all statements set forth in this Declaration are based upon: (a) my personal knowledge; (ii) the Debtor's records made by employees or agents of the Debtor who report to me and who have a business duty to enter the records of the Debtor accurately and at or near the time of the event which they record, (iii) information supplied to me by other members of the Debtor's management or the Debtor's professionals that I believe in good faith to be reliable; (iv) my review of relevant documents; or (v) my opinion based upon my experience and knowledge of the Debtor's operations and financial condition, and, if called to testify, would testify competently hereto.

3. On June 16, 2023 (the "Petition Date"), Appellee filed its bankruptcy petition in the United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") pursuant to subchapter V of title 11 of the United States Code (the "Bankruptcy Code"). On April 4, 2024, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Small Business Debtor's Plan of Reorganization dated December 19, 2023* (the "Plan"). The Plan became effective on April 19, 2024 (the "Effective Date"). No stay of the effectiveness of the Plan or Confirmation Order has ever been sought by Appellants.

4.     Accordingly, since the Effective Date, the Appellee has (i) continued to operate its business in accordance with the confirmed Plan, (ii) granted releases in exchange for settlement payments received by it, and obtained reductions in salaries otherwise owed to various parties, and (iii) collected and distributed all of its disposable net income to various creditors as required by, and in accordance with, the terms of the Plan. To date, Appellee has distributed all of its disposable net income to its creditors in order of priority.

5.     In accordance with the Plan, all of the Debtor's administrative claims, including the fees expenses of professionals, have been paid. All of the fees and expenses of the Subchapter V Trustee have been paid. Initial distributions to Appellee's general unsecured creditors (including the Appellants) have commenced and checks cashed (including by the Appellants). As required pursuant to settlements approved by the Bankruptcy Court in the Plan, (i) a settlement payment by certain insiders has been tendered and received by Appellee, (ii) the salary of

17625213

Appellee's Chief Executive Officer has been reduced and will remain at or below the reduced level for the entire term of the Plan, (iii) the salary of Appellee's Chief Financial Officer has not increased and will not increase during the entire term of the Plan, (iv) the compensation arrangement with Appellee's Executive Vice President and General Counsel has not changed and will not change during the entire term of the plan and (v) approved releases have been given.

6.　　Finally, the counterparty to Appellee's sole remaining management agreement has issued formal notice of termination of the agreement. Notice of termination was not unanticipated but has now officially come to fruition.

Dated: November 24, 2025　　　　　　*/s/ Michael Sarrao*
　　　　　　　　　　　　　　　　　　Michael Sarrao
　　　　　　　　　　　　　　　　　　Executive Vice President, General Counsel,
　　　　　　　　　　　　　　　　　　and Secretary